Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DANIEL SURIAGA,
*on behalf of himself and all others similarly situated*

        **Plaintiff,**

        v.

GENERAL ELECTRIC COMPANY,

        **Defendant.**

Civil Action No. 18-16288 (ES) (MAH)

OPINION

**SALAS, DISTRICT JUDGE**

    Before the Court is defendant General Electric Company's ("Defendant" or "GE") motion to dismiss plaintiff Daniel Suriaga's ("Plaintiff") putative class action complaint (D.E. Nos. 20 ("Motion") & 20-1 ("Def. Mov. Br.")). The Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). As set forth below, the Court GRANTS Defendant's Motion.

**I.    Background**

    Plaintiff brings this putative class action on behalf of himself and all others similarly situated to recover damages for alleged violations of law in connection with Defendant's "design, manufacture, marketing, advertising, selling, warranting, servicing, and repairing of its [m]icrowaves." (D.E. No. 1, Complaint ("Compl.") ¶ 1). The Court will "set out facts as they appear in the Complaint." *See Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

    In or around December 2012, Plaintiff purchased a GE microwave for approximately $200

1

at Best Buy in Hudson County, New Jersey. (Compl. ¶ 33). Plaintiff alleges that he purchased the microwave because he believed "GE was a reliable brand that would provide him with a [m]icrowave that would last at least 10 years." (*Id.* ¶ 35). Approximately two years after purchasing the microwave, Plaintiff noticed bubbling, peeling, crackling, flaking, and/or chipping of the coating of the interior cavity of the microwave (the "paint peeling problem"). (*Id.* ¶¶ 1 & 37). Soon thereafter, Plaintiff alleges that he notified Defendant of the paint peeling problem, and Defendant offered to send a technician to inspect the damage for $100. (*Id.* ¶ 38). Because Plaintiff could not afford the visit, he declined GE's offer. (*Id.*). Thereafter, Plaintiff stopped using the microwave based on his fear that the paint peeling problem would get worse and could result in paint chips falling into his food. (*Id.* ¶ 40). Defendant's website advises customers that if the paint peeling problem occurs, the microwave is unrepairable. (*Id.* ¶ 2 & n.1).

Plaintiff alleges that the paint peeling problem is a design and/or manufacturing defect which begins to manifest shortly after first use and renders the microwave unfit for further use. (*Id.* ¶ 1). In support, Plaintiff cites to publicly available consumer complaints relating to the paint peeling problem. (*Id.* ¶¶ 23–24). Plaintiff further alleges that Defendant has known or should have known that its microwave was defective since at least 2005, and that Defendant has "undertaken a willful pattern of conduct" aimed at hiding the defects. (*Id.* ¶¶ 2–3 & 18–20).

Based on these facts, Plaintiff filed his putative class action complaint on November 19, 2018, alleging (i) breach of express and implied warranties under New Jersey law (Counts II and III); (ii) breach of express and implied warranties under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. (Counts IV and V); (iii) violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq*. ("NJCFA") (Count I); and unjust enrichment (Count VI). Defendant moves to dismiss each of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 8(a), 9(b),

and 12(b)(6). (Def. Mov. Br. at 2).

## II. Legal Standard

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (internal quotation marks omitted). The Court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## III. Discussion

### A. New Jersey Breach of Warranty Claims

Plaintiff alleges that Defendant breached express and implied warranties under New Jersey law and attaches GE's warranty to the Complaint for the Court's review.[1] (Compl. ¶¶ 73–92; D.E.

---

[1] The Court may consider the warranty as "a document integral to or explicitly relied upon in the complaint." *See, e.g.*, *Sunshine v. Reassure Am. Life Ins. Co.*, 515 F. App'x 140, 143 (3d Cir. 2013) (emphasis deleted).

No. 1-1, Ex. A). The warranty states that for the period of one year from the date of original purchase, GE will replace "[a]ny part of the microwave oven which fails due to a defect in materials or workmanship [and] will also provide, free of charge, all labor and related service to replace the defective part." (D.E. No. 1-1, Ex. A). The warranty also contains an "exclusion of implied warranties":

> Your sole and exclusive remedy is product repair as provided in this Limited Warranty. Any implied warranties, including the implied warranties of merchantability or fitness for a particular purpose, are limited to one year or the shortest period allowed by law.

*Id.* Plaintiff alleges that the warranty's limitations do not bar his claims because they are substantively and procedurally unconscionable, and as a result, Plaintiff and the putative class members are entitled to a remedy under the Uniform Commercial Code. (Compl. ¶¶ 44–52). Defendant argues that Plaintiff's New Jersey breach of warranty claims fail for two reasons: (i) they are time-barred, and (ii) they are insufficiently pled. (Def. Mov. Br. at 5–7). Because the Court finds the breach of warranty claims are time-barred, it does not reach the merits of these claims.

### i. Statute of Limitations

In this Circuit, a defendant may prevail on a statute of limitations defense at the motion to dismiss stage if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). In other words, if the Court considers only the face of the Complaint in determining if the claims are time-barred, a Rule 12(b)(6) motion to dismiss is an appropriate framework for adjudication of a statute of limitations defense. *See Chilcott v. Erie Cty. Prison*, 774 F. App'x 99, 102 (3d Cir. 2019); *accord Addlespurger v. Wecht*, 739 F. App'x 709, 712 (3d Cir. 2018).

Here, it is clear on the face of the Complaint that Plaintiff's breach of warranty claims are time-barred. Plaintiff's breach of warranty claims are governed by a four-year limitations period. N.J. Stat. Ann. § 12A:2-725(1). Moreover, New Jersey law provides that "[a] cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach," and "[a] breach of warranty occurs when tender of delivery is made." N.J. Stat. Ann. § 12A:2-725(2). The only exception to this rule is that "where a warranty explicitly extends to future performance of the goods[,] and discovery of the breach must await the time of such performance[,] the cause of action accrues when the breach is or should have been discovered." *Id.*

According to the Complaint, tender of delivery was made in or around December 2012. (Compl. ¶ 33). Thus, Plaintiff's cause of action accrued in or around December 2012, unless the future performance exception applies. N.J. Stat. Ann. § 12A:2-725(2). Plaintiff does not allege that this exception applies but makes the unsupported assertion that accrual for the breach of warranty claims is "when Plaintiff actually discovered the defect." (D.E. No. 28 ("Pl. Opp. Br.") at 4). To the extent Plaintiff is arguing that the future performance exception applies, the Court disagrees. This exception "only applies if the defect is discovered during the warranty period." *ACH Enterprises 1 LLC v. Viking Yacht Co.*, 817 F. Supp. 2d 465, 470 (D.N.J. 2011). That is not the case here since the warranty period was for one year (Compl. ¶ 45; D.E. No. 1-1, Ex. A), and Plaintiff alleges that he discovered the paint peeling problem almost two years after he purchased the microwave. (Compl. ¶ 37). Accordingly, Plaintiff's cause of action accrued in or around December 2012 when he purchased the microwave, and Plaintiff had four years from that date to bring his breach of warranty claims. Because Plaintiff did not file his complaint until November 2018—nearly six years after tender of delivery—Plaintiff's breach of warranty claims are time-

barred unless the Complaint sufficiently alleges a reason to toll the limitations period. As set forth below, it does not.

### ii. Equitable Tolling

Plaintiff alleges that the "statute of limitations has been tolled by GE's knowing and active concealment of the [p]aint [p]eeling [p]roblem," and that "Plaintiff could not have reasonably discovered the fact that his [m]icrowave would exhibit the [p]aint [p]eeling [p]roblem due to the manufacturing/design defects." (*Id.* ¶ 42). Defendant argues that Plaintiff's allegations are too conclusory to survive a motion to dismiss. (Def. Mov. Br. at 5–6).

"Once a defendant has raised a statute of limitations defense to a claim, it is the plaintiff's burden to allege the facts necessary to justify the application of equitable tolling." *Cole v. NIBCO, Inc.*, No. 13-7871, 2016 WL 10536025, at *7 (D.N.J. Feb. 26, 2016). Under New Jersey law, fraudulent concealment may serve as a basis to toll the statute of limitations if the plaintiff sufficiently alleges "(1) wrongful concealment by the party raising the statute of limitations defense, resulting in (2) plaintiff's failure to discover the operative facts forming the basis of his cause of action during the limitations period (3) despite the exercise of due diligence." *Glauberzon v. Pella Corp.*, No. 10-5929, 2011 WL 1337509, at *5 (D.N.J. Apr. 7, 2011). Wrongful concealment generally requires some sort of trickery or inducement by the Defendant. *Stockroom, Inc. v. Dydacomp Dev. Corp.*, 941 F. Supp. 2d 537, 541 (D.N.J. 2013). Although equitable tolling "is not generally amenable to resolution on a 12(b)(6) motion," *Martin v. Prudential Ins. Co. of Am.*, No. 12-6208, 2013 WL 3354431, at *8 (D.N.J. July 2, 2013), a plaintiff "cannot obtain the benefit of the doctrine on [ ] vague and conclusory allegations," *Parker v. Pressler & Pressler, LLP*, 650 F. Supp. 2d 326, 339 (D.N.J. 2009).

Here, the Court agrees with Defendant that Plaintiff's allegations are too conclusory to

plausibly state that Defendant induced or tricked Plaintiff into allowing the statute of limitations to expire. (*See* Def. Mov. Br. at 5–6). Plaintiff argues that he sufficiently alleges wrongful concealment because he alleges that, despite having actual knowledge of the paint peeling problem since 2005, Defendant continued to sell its microwaves without disclosing the defect, and Defendant specifically failed to inform Plaintiff of the paint peeling problem or of the fact that the microwave was unrepairable when Plaintiff contacted Defendant about the issue. (Pl. Opp. Br. at 5–6 (citing Compl. ¶¶ 2–5 & 38)). However, even assuming Defendant had knowledge of the paint peeling problem during the statute of limitations period (December 2012–December 2016), the Complaint is void of any factual allegations that Defendant specifically misrepresented or tricked Plaintiff into thinking the microwave was non-defective or repairable during that time. *Compare Stockroom*, 941 F. Supp. 2d at 542 ("[Plaintiff] has not alleged sufficient facts of concealment or trickery on [Defendant]'s part for equitable tolling to apply."), *with BK Trucking Co. v. Paccar, Inc.*, No. 15-2282, 2016 WL 3566723, at *5 (D.N.J. June 30, 2016) (applying equitable tolling where Plaintiff specifically alleged that "Defendants represented to Plaintiffs that each instance of repair or replacement would correct the defect, despite knowing that it would not, and could not, do so"). In fact, the Complaint contains allegations suggesting the opposite—that Defendant *disclosed* the defect to consumers and told them to stop using the microwave. (*See* Compl. ¶¶ 2, 21, 23 & 50). Overall, Plaintiff's allegations as to Defendant's trickery are too vague and conclusory (*see e.g.*, *id.* ¶¶ 30 & 43), and "the Court cannot accept Plaintiff's bald conclusion that Plaintiff was misled without factual allegations in his Complaint to support such a claim," *Martin*, 2013 WL 3354431, at *8.

Equally deficient is Plaintiff's allegation that he "could not have reasonably discovered the fact that his microwave would exhibit the [p]aint [p]eeling [p]roblem due to the

manufacturing/design defects." (Compl. ¶ 42). Again, the Complaint alleges the opposite—Plaintiff purchased his microwave in December 2012; by approximately December 2014, the paint peeling problem manifested, and Plaintiff stopped using his microwave shortly thereafter. (*Id.* ¶¶ 33–40). Thus, accepting the allegations in the Complaint as true, Plaintiff actually discovered the defect in or around December 2014, and had nearly two years to file suit before the statute of limitations ran in or around December 2016. That Plaintiff was unaware that others were experiencing the same issue is irrelevant because the relevant inquiry is whether Plaintiff "fail[ed] to discover the operative facts forming the basis of *his* cause of action during the limitations period." *Glauberzon*, 2011 WL 1337509, at *5 (emphasis added). As such, Plaintiff also fails to allege the requisite due diligence to warrant the application of equitable tolling. *See Rolax v. Whitman*, 53 F. App'x 635, 638 (3d Cir. 2002) (declining to apply equitable tolling where plaintiff "failed to diligently pursue his claims").

Accordingly, the Court concludes that Plaintiff's breach of warranty claims are time-barred, and Plaintiff has not adequately alleged that equitable tolling applies. Counts II and III of the Complaint are DISMISSED *without prejudice*.[2]

### B. Federal Breach of Warranty Claims

Plaintiff also brings breach of warranty claims under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("MMWA"). (Compl. ¶¶ 6, 93–112). The MMWA "provides a private right of action in federal court for consumers who are 'damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written . . . [or] implied warranty.'" *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 600 (D.N.J. 2016) (quoting 15 U.S.C. § 2310(d)(1)). MMWA "claims based on breaches of express and implied warranties under

---

[2] Although the Court does not reach the merits of Plaintiff's breach of warranty claims, the Court expresses concern as to whether those claims are adequately pled on the merits.

state law depend upon those state law claims." *Avram v. Samsung Elecs. Am., Inc.*, No. 11-6973, 2013 WL 3654090, at *14 (D.N.J. July 11, 2013). Thus, "[w]here state law claims warrant dismissal, an accompanying MMWA claim must also be dismissed." *Kennedy v. Samsung Elecs. Am., Inc.*, No. 14-4987, 2015 WL 2093938, at *8 (D.N.J. May 5, 2015); *ACH Enterprises 1*, 817 F. Supp. 2d at 472 ("[T]his Court's holdings that the New Jersey . . . breach of warranty claims are time-barred necessitate the same holding with respect to the Magnuson–Moss Act claim."). Because such is the case here, the Court GRANTS Defendant's motion to dismiss Counts IV and V of the Complaint.

### C. New Jersey Consumer Fraud Act Claims

Count I requests relief under the NJCFA. (Compl. ¶¶ 63–72). Defendant argues that this claim fails because "Plaintiff fails to support his claim with any well-pled facts, let alone with the specificity required to satisfy Rule 9(b)." (Def. Mov. Br. at 13). The Court agrees.

Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement concerning allegations of fraud applies to NJCFA claims.[3] *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) (reviewing dismissal of NJCFA claim under Rule 9(b)); *accord Mickens v. Ford Motor Co.*, 900 F.Supp.2d 427, 435 (D.N.J. 2012). Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff may satisfy Rule 9(b) by pleading the date, place or time of the fraud, or through alternative means of "injecting precision and some measure of substantiation into the[] allegations of fraud." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791

---

[3] Plaintiff makes the unsupported assertion that Rule 9(b)'s heightened pleading standard does not apply to the NJCFA claims (Pl. Opp. Br. at 15), but even Plaintiff's cited caselaw suggests that it does. *See Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 333 (D.N.J. 2014) ("Rule 9(b)'s heightened standard for pleading fraud . . . applies to a NJCFA claim"); *Henderson v. Volvo Cars of N. Am., Inc.*, No. 09-4146, 2010 WL 2925913, at *4–5 (D.N.J. July 21, 2010) (analyzing plaintiff's NJCFA claims under Rule 9(b)).

9

(3d Cir. 1984). In sum, the Third Circuit has advised that, "at a minimum," a plaintiff must support allegations of fraud "with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue." *In re Rockefeller Center Prop. Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (internal quotation marks omitted).

Thus, to establish a *prima facie* case under the NJCFA, a plaintiff must allege—with the specificity required by Rule 9(b)—"(1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Payan v. Greenpoint Mortg. Funding*, 681 F. Supp. 2d 564, 572 (D.N.J. 2010). The NJCFA defines unlawful conduct as:

> [t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise. . . .

N.J. Stat. Ann. § 56:8-2. In other words, "[u]nlawful practices fall into three general categories: affirmative acts, knowing omissions, and regulation violations." *Frederico*, 507 F.3d at 202. The "prime ingredient" underlying all types of unlawful conduct is the capacity to mislead, but "differences exist among allegations of affirmative acts and omissions." *Glass v. BMW of N. Am., LLC*, No. 10-5259, 2011 WL 6887721, at *5 (D.N.J. Dec. 29, 2011). Allegations of an affirmative act, *i.e.*, a misrepresentation, do not require a showing of intent, knowledge of the falsity, or even actual deceit or fraud; nor must the representation be one of material fact. *Id.* On the other hand, an omission "occurs where the defendant (1) knowingly concealed (2) a material fact (3) with the intention that the consumer rely upon the concealment." *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 296 (D.N.J. Nov. 30, 2009).

Here, Plaintiff alleges that Defendant engaged in both affirmative acts and knowing omissions. (Compl. ¶¶ 68–72). Plaintiff argues that he adequately pleads an affirmative act and a knowing omission because he alleges that GE continued to sell the microwave, despite knowing about the paint peeling problem, and that GE failed to disclose the problem to consumers. (Pl. Opp. Br. at 16 (citing Compl. ¶¶ 2–4, 21–23 & 40)). Plaintiff alleges that but for these unlawful acts he would not have purchased the microwave or would have paid a lower price for it. (Compl. ¶ 41). However, Plaintiff's allegations are too conclusory to state a claim based on affirmative acts or knowing omissions.

First, with respect to affirmative acts, Plaintiff alleges that Defendant's general reputation as well as user manuals, advertisements and pamphlets led Plaintiff to believe that the microwave was fit for its ordinary purpose, but that the microwave was not fit for its ordinary purpose because of the paint peeling problem. (Compl. ¶¶ 11, 27, 30, 31 & 35). But Plaintiff does not state with enough specificity what exactly Defendant represented in these materials or how the advertised product was different from what Plaintiff received. *See e.g.*, *Henderson v. Volvo Cars of N. Am., LLC*, No. 09-4146, 2010 WL 2925913, at *3–4 (D.N.J. July 21, 2010) (finding misrepresentation allegations too vague under Rule 9(b) where Plaintiff generally alleged misrepresentations in marketing materials). In fact, the only specific representation mentioned in the Complaint—the one-year warranty itself—turned out to be true, since Plaintiff alleges that he had a working microwave for two years before the paint peeling problem manifested. (Compl. ¶¶ 33–37 & D.E. No. 1-1, Ex. A). Without specific allegations as to what false statements Plaintiff saw or relied upon, Plaintiff's allegations based on affirmative acts are too conclusory to state a claim under the NJCFA. *Compare BK Trucking*, 2016 WL 3566723, at *9 ("Plaintiffs have not identified with the requisite particularity any specific statements they saw or relied on that induced them to buy [the

11

product]; instead, they only generally allege that [Defendant made misrepresentations] in its marketing materials."), *with Harnish v. Widener Univ. Sch. of Law*, 931 F. Supp. 2d 641, 648 (D.N.J. 2013) (finding that plaintiff sufficiently pled NJCFA claims based on affirmative acts where plaintiff specifically alleged that defendant posted false placement and post-graduate employment data and salary information on its website). Accordingly, the Court DISMISSES Plaintiff's NJCFA claims based on affirmative acts *without prejudice*. *See Crozier v. Johnson & Johnson Consumer Co., Inc.*, 901 F. Supp. 2d 494, 506 (D.N.J. 2012) ("Plaintiffs' failure to plead that they were misled is fatal, particularly given the specificity that Rule 9(b) requires for NJCFA").

Second, Plaintiff's allegations regarding knowing omissions fare no better. Although "knowledge and intent are exempt from Rule 9(b)'s particularity requirement," *BK Trucking Co.*, 2016 WL 3566723, at *8, conclusory allegations of knowledge cannot survive a motion to dismiss. *See McQueen v. BMW of N. Am., LLC*, No. 12-6674, 2013 WL 4607353, at *6 (D.N.J. Aug. 29, 2013). Here, Plaintiff makes several conclusory allegations that Defendant knew of the paint peeling problem at the time he purchased the microwave in 2012.[4] (*See e.g.*, Compl. ¶¶ 42–43 & 69). Plaintiff otherwise relies on GE's website post about the paint peeling problem and consumer complaints to allege knowledge. (*Id.* ¶¶ 2 & 23–24). But Plaintiff's reliance on the website post is unavailing because Plaintiff does not allege that the post existed at the time Plaintiff purchased his microwave. And to the extent the post does date back to the date of Plaintiff's purchase, it demonstrates that GE publicly disclosed, rather than concealed, the existence of the paint peeling problem to potential purchases. Moreover, all but one of the cited consumer complaints are dated

---

[4] For purposes of this analysis, the Court evaluates Plaintiff's allegations of Defendant's knowledge at the time of Plaintiff's purchase since that is when Plaintiff alleges his ascertainable loss occurred (Compl. ¶¶ 71–72), and under the NJCFA any unlawful conduct must have a causal connection to the alleged ascertainable loss. *Payan*, 681 F. Supp.2d at 572.

*after* Plaintiff's purchase in December 2012, and thus do not factually support Plaintiff's allegations of knowledge. (*Id.* ¶23). In any event, courts have held that consumer complaints alone are insufficient to state an NJCFA claim based on knowing omissions. *See Oliver v. Funai Corp., Inc.*, No. 14-04532, 2015 WL 9304541, at *5 (D.N.J. Dec. 21, 2015) (knowledge could not be inferred from consumer complaints); *McQueen*, 2013 WL 4607353, at *6 ("Plaintiff merely points to the complaints received by BMW . . . as proof that BMW was aware of the defect, without providing any additional information."). Accordingly, Plaintiff's NJCFA claims based on knowing omissions are also DISMISSED *without prejudice*.

Without any remaining allegations as to Defendant's unlawful conduct, Plaintiff's NJCFA claims cannot survive a motion to dismiss. Consequently, the Court need not determine whether Plaintiff sufficiently pleads ascertainable loss caused by Defendant's conduct, and Count I of the Complaint is DISMISSED in its entirety, *without prejudice*.

### D. Unjust Enrichment

Under New Jersey law, "[t]o establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994). "An unjust enrichment claim also requires a direct relationship between the parties or a mistake on the part of the party conferring the benefit." *T.J. McDermott Transp. Co. v. Cummins, Inc.*, No. 14-04209, 2015 WL 1119475, at *14 (D.N.J. Mar. 11, 2015) (internal quotation marks omitted).

Plaintiff alleges that he and the putative class members conferred a benefit on Defendant by purchasing microwaves, and that Defendant "retained that benefit under circumstances that make it unjust or inequitable for Defendant to retain it without paying Plaintiff and members of the class." (Compl. ¶¶ 115–116). Defendant argues that Plaintiff fails to state a claim for unjust

13

enrichment because (i) the written warranty exclusively governs the parties' agreement, and (ii) Plaintiff did not confer a benefit directly on Defendant. (Def. Mov. Br. at 18–19).

The Court declines to dismiss the unjust enrichment claim based on the presence of the written warranty because alternative pleading is permitted by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(d)(2) ("A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."); *see also Palmeri v. LG Elecs. USA, Inc.*, No. 07-5706, 2008 WL 2945985, at *7 (D.N.J. July 30, 2008) ("[T]his Court understands that unjust enrichment is, by its nature, an alternative remedy to contract and tort remedies."). However, the Court will dismiss the unjust enrichment claims because Plaintiff alleges that he purchased his microwave from Best Buy (Compl. ¶ 11), not Defendant, and thus fails to allege a direct relationship between himself and Defendant.

The majority of courts in this district have held that the direct relationship requirement dictates that "a manufacturer is not liable for unjust enrichment if plaintiffs purchased the goods in question from a third-party." *Fishman v. Gen. Elec. Co.*, No. 12-00585, 2013 WL 1845615, at *6 (D.N.J. Apr. 30, 2013); *see also T.J. McDermott Transp. Co.*, 2015 WL 1119475, at *14 ("Courts in this district have routinely found that a manufacturer's warranty agreement does not establish a direct relationship upon which a plaintiff can mount an unjust enrichment claim."). The Court acknowledges that a few courts in this district have held that a plaintiff *may* bring an unjust enrichment claim against a manufacturer—specifically where Plaintiff has *adequately* alleged that the manufacturer engaged in fraudulent conduct—but nevertheless concludes that those circumstances are not adequately alleged here. *See Stewart v. Beam Glob. Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 200 (D.N.J. 2012) (explaining that plaintiffs alleged that defendant manufacturer engaged in a nationwide advertising and marketing scheme which "may have been

employed at the retail level and coordinated with the retailers themselves"); *see also Morcom v. LG Elecs. USA, Inc.*, No. 16-4833, 2017 WL 8784836, at *10 (D.N.J. Nov. 30, 2017) (holding that plaintiffs adequately alleged that the defendant manufacturer "made false claims or misrepresentations directed for the purpose of generating retail sales"). Thus, the Court holds in accordance with the majority of courts in this district that Plaintiff's indirect purchase is not enough to establish a direct relationship with Defendant as required to state a plausible unjust enrichment claim.

Accordingly, Count VI of the Complaint is DISMISSED *without prejudice*.

**IV.     Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in its entirety, and the Complaint is DISMISSED *without prejudice.* An appropriate Order accompanies this Opinion.


*s/Esther Salas*_____
**Esther Salas, U.S.D.J.**